*24 Anthony brought an action of debt against Walter Chisholm, administrator of ■ John Chisholm, deceased, in the County Court of Eouisa; at the November term, 1800, the defendant pleaded payment, (1) upon which issue was joined: At March term following, he moved the Court for leave “to amend his plea, and plead fully administered, and to continue the cause till the next term,” which ^motion for a continuance (2) was overruled by the Court; and the cause being tried at the same term, on the plea of payment, a verdict and judgment was rendered for the plaintiff, to be levied of the goods and chattels of the intestate. From this judgment an appeal was taken to the District Court of Charlottes-ville, where it was, in all things, affirmed. To correct which' judgment, a supersedeas was awarded by this Court.
Stuart, for the plaintiff in error, cited the case of Cooke v. Beale’s executors,(a) to prove that the Court of Appeals will judge whether an inferior Court has exercised a sound discretion. In the present case, there was a peculiar necessity to ask the permission to amend the plea, as the defendant was an administrator, and it may be presumed, was at first unacquainted with the state of the decedent’s affairs. It may be objected, that he ought to have filed an affidavit; but this was not called for. This Court ought to countenance a doctrine, which would prevent the necessity of applying to a Court of Equity. Executors and administrators are subjected to perils enough, and ought, for that reason, to be favoured by the Court. Wickham, on the other side, did not doubt the right of the Court to judge of the discretion which ought to govern inferior Courts; but in this case, he contended, the discretion had been soundly exercised. No affidavit was filed by the defendant. The new plea would have occasioned a continuance; the effect of which practice would be, by a side wind, to continue a cause at the pleasure of the party; for there was no proof that the plea was true: it might have been relinquished at the next Court; and in such a case, an executor or administrator might, after all, go into Chancery.
JUDGE EYONS.
Would a Court of Chancery relieve in such a case?
Wickham. The doctrine has been repeatedly recognised in the Courts of Chancery in this country, and in this Court.
It is said an executor might not have known, at first, the amount of assets, and the demands against the estate of his testator, but might have made the discovery afterwards. This might be so, or it might not be so. The Court were not to instruct the plaintiff’s attorney that an ^'affidavit was necessary. Executors are not entitled to favour, but only to justice.
Stuart, in reply. The application to the Court was twofold; first, to amend the plea; and, secondly, for a continuance of the cause. The Court ought to have granted leave to amend the plea, and if they had thought it proper, might have denied the continuance. If a Court of Law can give relief, the parties ought not to be driven into a Court of Equity.
Curia advisare vult.
Wednesday, October IS. The President delivered the opinion of the Court — (absent Judge Fleming.) That the County Court erred in not permitting the defendant to amend his plea, by pleading fully administered, according to his motion. Judgment reversed with costs, and .the suit remitted, with instruction to admit of the amendment, &c.

 It would seem, from the record, that the plea of payment was put In the" same term at which the declaration was filed; no notice having: been taken of any prior steps at the rules, and the declaration and plea being- both entered on the record as of the November term. — Note in Original Edition.

 So stated in the record.

 1 Wash. 313.